**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4845**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RAUL MARTINEZ-MARTINEZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:07-cr-00290-MR-1)

_____

Submitted:  April 27, 2010        Decided:  May 14, 2010

_____

Before NIEMEYER, KING, and AGEE, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Claire J. Rauscher, Executive Director, Ross H. Richardson, Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Martinez-Martinez pleaded guilty to illegal reentry of a deported alien who was an aggravated felon and received an eighty-nine-month sentence. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that he has discerned no meritorious issues, but that the sentence may be procedurally unreasonable because the court did not adequately explain its reasoning for the sentence, including the refusal to grant a downward variance based on the community, family, and cultural connections Martinez-Martinez established in the United States and the danger he would encounter in returning to his home country of El Salvador. We agree that there is procedural error in determining the sentence and remand for resentencing, but affirm the conviction.

Counsel asserts that the district court did not adequately consider the mitigating issues raised by Martinez-Martinez before imposing sentence. The advisory Sentencing Guidelines range was 77-96 months of imprisonment. The district court heard from Martinez-Martinez's counsel that it would be dangerous for Martinez-Martinez to return to El Salvador and that he has attempted to be law abiding while in the United States. The court heard from the Government that Martinez-Martinez has illegally reentered the United States three other times, that his previous sentence for the same type

of offense of seventy-eight months did not deter Martinez-Martinez from repeating the same behavior, and that Martinez-Martinez was arrested on this occasion after driving while severely drunk and hitting three cars, and fleeing the site of the accident. After hearing argument by counsel and a statement by Martinez-Martinez, the court denied Martinez-Martinez's motion for a downward variance without comment. The court then pronounced its sentence and reasoning, stating only that it had considered all the factors of 18 U.S.C. § 3553(a) (2006) in determining the sentence.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse if such an abuse of discretion is found unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citations and quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Lynn, 592 F.3d at 578. When counsel requests a sentence at the bottom of the Guidelines range or below, the error is preserved. Id. at 581. In a post-Lynn case, United States v. Thompson, 595 F.3d 544 (4th Cir. 2010), we explained that "a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review." 595 F.3d at 546.

4

We conclude that, under Lynn, Martinez-Martinez's arguments in the district court preserved his claim of procedural sentencing error on appeal. Lynn, 592 F.3d at 581. In particular, Martinez-Martinez's counsel requested a downward variance from the Guidelines range. These arguments "sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments." Id. at 578. Therefore, we review any procedural sentencing error for abuse of discretion and reverse unless the error was harmless. Id. at 579.

The district court erred because it failed to explain why it imposed the chosen sentence. See id. at 581-82. The court stated, without discussion, that it took into account the § 3553 sentencing factors. It did not address the mitigating factors raised by Martinez-Martinez, nor provide any other reason for choosing the sentence imposed. Moreover, this court cannot presume that the district court simply adopted the Government's arguments. The error was not harmless because the district court's lack of explanation for imposing this condition resulted in "a record insufficient to permit even routine review for substantive reasonableness." Id. at 582 (citation and quotation marks omitted).

We therefore affirm the conviction, but vacate the sentence and remanding for resentencing. In accordance with

Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
